**MAGISTRATE'S CRIMINAL MINUTES**



**ARRAIGNMENT**
    **PLEA AND**
        **SENTENCE**

<u>Filed in Open Court</u>:   <u>Date</u>: __9/21/2022__   <u>Time</u>: __1:15 p.m.__      FTR  Time in court: ____ Hrs __22__ Min

Magistrate (presiding): __JUSTIN S. ANAND__        Deputy Clerk: __B. EVANS__

Case Number: __1:22-cr-341__            Defendant's Name: __Demetrius Hines__

AUSA: __Stephen McClain__            Defendant's Attorney: __Sandra Michaels__

USPO/PTR: _____            <u>Type Counsel</u>: (x) Retained ( ) CJA ( ) FPD ( ) Waived

____ ARREST DATE _____

____ INTERPRETER _____

__x__ INITIAL APPEARANCE HEARING. ( x ) in <u>THIS DISTRICT</u>    Dft. In Custody? ( ) Yes  ( x ) No

____ Defendant advised of right to counsel. WAIVER OF COUNSEL filed.

____ ORDER appointing Federal Defender Program as counsel. ( ) INITIAL APPEARANCE ONLY

____ ORDER appointing _____ (State Bar of Ga. # _____) as counsel.

____ ORDER giving defendant _____ days to employ counsel. (cc: serv. by Mag)

____ Dft. to pay attorney fees as follows: _____

__x__ INFORMATION/~~COMPLAINT~~ filed. _____x_____ WAIVER ON INDICTMENT filed.

____ Copy indictment/information given to dft? ( ) Yes  ( ) No    Read to dft? ( ) Yes  ( ) No.

____ CONSENT TO TRIAL BEFORE MAGISTRATE (MISD/PETTY) offense filed.

__x__ ARRAIGNMENT HELD. ( ) superseding indictment/information.

____ ARRAIGNMENT continued until _____ at _____ Request of ( ) Gvt.  ( ) Dft.

____ Dft. fails to appear for arraignment. BENCH WARRANT ISSUED _____

__x__ Dft. enters PLEA OF NOT GUILTY. ( ) Dft. stood mute plea of NOT GUILTY entered.

____ MOTION TO CHANGE PLEA, and order allowing same.

____ PLEA OF GUILTY/NOLO as to counts _____

____ Petition to enter plea of GUILTY/NOLO filed.

____ NEGOTIATED PLEA between Government and defendant filed.

__x__ ASSIGNED TO JUDGE   __Batten__   for: ( ) trial ( ) arraignment/sentence.

____ ASSIGNED TO MAGISTRATE _____ for pretrial proceedings.

____ Estimated trial time: ____ days ( ) SHORT  ( ) MEDIUM  ( ) LONG

__x__ See other side.

                                                                Demetrius Hines          Defendant.

_____ CONSENT TO PRE-SENTENCE INVESTIGATION filed.   Referred to USPO for PSI and continued until
_____ at _____ for sentencing.
_____ Government MOTION FOR DETENTION filed.  Hearing set for _____ at
___ Temporary commitment issued.

BOND/PRETRIAL DETENTION HEARING

_____ BOND/PRETRIAL DETENTION hearing held.
_____ MOTION FOR REDUCTION OF BOND hearing held.
_____ MOTION FOR REDUCTION OF BOND ( ) GRANTED   ( ) DENIED
_____ WRITTEN ORDER TO FOLLOW.
_____ GOVERNMENT MOTION FOR DETENTION ( ) GRANTED   ( ) DENIED
_____ WRITTEN ORDER TO FOLLOW.
_x____ Appearance BOND SET AT $ _5,000.00_____
_x____ Non-surety
_____ Surety  ( ) Cash  ( ) Property  ( ) Corporate surety ONLY
_____ SPECIAL CONDITIONS: _____
_____
_____
_____
_____

__x___ Bond Filed: defendant released.
_____ Bond NOT EXECUTED defendant to remain in Marshal's custody.

_____

SENTENCE:_____

_____
_x___Pursuant to the Due Process Protections Act, see Fed. R. Crim. P. 5(f), the government is ordered to adhere to the disclosure obligations set forth in *Brady v. Maryland*, 373 U.S. 83 (1963), and its progeny, and to provide all materials and information that are arguably favorable to the defendant in compliance with its obligations under *Brady*; *Giglio v. United States*, 405 U.S. 150 (1972); and their progeny. Exculpatory material as defined in *Brady* and *Kyles v. Whitley*, 514 U.S. 419, 434 (1995), shall be provided sufficiently in advance of trial to allow a defendant to use it effectively, and exculpatory information is not limited to information that would constitute admissible evidence. The failure of the government to comply with its Brady obligations in a timely manner may result in serious consequences, including, but not limited to, the suppression or exclusion of evidence, the dismissal of some or all counts, adverse jury instructions, contempt proceedings, or other remedies that are just under the circumstances.